# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Yesterday Delivery Service, Inc. and Norman Ryder, Jr.,**
**Defendants Below, Petitioners**

**vs.) No. 19-0164** (Kanawha County 10-C-1892)

**Barbara Weiss, Executrix of the Estate of Daniel Weiss,**
**Plaintiff Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Yesterday Delivery Service, Inc. and Norman Ryder, Jr., by counsel Richard W. Weston, appeal the order of the Circuit Court of Kanawha County, entered on January 28, 2019, denying their motion to dismiss the complaint or, in the alternative, stay proceedings and compel arbitration. Respondent Barbara Weiss, executrix of the estate of Daniel Weiss, appears by counsel Thomas F. Basile.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Daniel Weiss filed a complaint in the Circuit Court of Kanawha County in October of 2010, asserting that Yesterday Delivery Service, Inc. and its owner Norman Ryder, Jr. violated the West Virginia Wage Payment and Collection Act and breached a contract governing Mr. Weiss's work as a long-haul truck driver for Yesterday Delivery.[1] The agreement between Mr. Weiss and Yesterday Delivery contained an arbitration provision that required a party to make a written demand for arbitration within ninety days of a claimed breach or otherwise suffer "an absolute bar to the institution of any proceedings and a waiver of the claimed breach." Mr. Weiss did not cite the arbitration provision in his complaint. Yesterday Delivery and Mr. Ryder filed an answer by counsel that set forth the affirmative defense that a "condition precedent has not been met," but did not move to compel arbitration. Yesterday Delivery and Mr. Ryder filed a counterclaim and Mr. Weiss set forth his affirmative defenses including "arbitration and award." The parties otherwise proceeded through litigation with no apparent regard for the arbitration provision governing their relationship.

---

[1] Mr. Weiss died in 2016, and Ms. Weiss, the executrix of her husband's estate, was appropriately substituted.

1

In December of 2013, however, after at least two continuances and approximately five months before the scheduled trial, Yesterday Delivery and Mr. Ryder filed a motion to compel arbitration. Later, in April of 2014, the parties filed a joint motion to continue deadlines. As partial justification, they noted that the motion to compel arbitration remained pending, and that the scheduled hearing on the same had twice been continued, once due to weather and the second time due to petitioners' counsel's illness. The court conducted a brief hearing on the issue in April of 2014. It did not rule at that time, but instructed the parties to proceed with discovery. While the motion to compel arbitration was pending, the parties engaged in further discovery, including the taking of Mr. Ryder's and Mr. Weiss's depositions. Discovery was markedly contentious and required the circuit court's oversight on multiple occasions. At one discovery hearing conducted in March of 2018, counsel for Yesterday Delivery and Mr. Ryder told the court that they would like the court to "set the case for trial." After making that comment, however, counsel reminded the court (possibly for the first time in four years) of the enduring motion to compel arbitration.

In January of 2019, Yesterday Delivery and Mr. Ryder filed a petition for writ of mandamus with this Court, seeking to compel a ruling from the circuit court regarding the motion to compel arbitration. Prior to the Court's address of the same, the circuit court entered an order denying the motion to compel arbitration upon finding the right to arbitration waived by the "inordinate" time that passed between the filing of the complaint and the filing of the motion to compel arbitration. Yesterday Delivery and Mr. Ryder appealed the circuit court's order to this Court, where they present a single question, which we reformulate as an assignment of error to the circuit court's determination that the parties waived arbitration. We review in accordance with this standard: "When an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*." Syl. Pt. 1, *W. Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017).

Yesterday Delivery and Mr. Ryder argue that the circuit court's denial is untenable because "only a round of discovery was exchanged" at the time the motion to compel arbitration was filed, the Weiss estate suffered no prejudice in the delay, and the answer was sufficient to alert Mr. Weiss that Yesterday Delivery and Mr. Ryder contemplated arbitration because they averred that "a condition precedent had not been met." We find each justification weak in isolation. After filing the motion to compel arbitration, respondents allowed the motion to grow stale and discovery to continue disharmoniously for years, even relating to the circuit court a desire that the court "set the case for trial." They now assert that Ms. Weiss has suffered no prejudice, though she has slogged through a civil action for nearly a decade. And, most astonishing, respondents seem to suggest that burial of the boilerplate phrase "a condition precedent has not been met" in a responsive pleading sufficiently substitutes for a motion to compel arbitration in clearly conveying to the court a party's desire. But as feeble as any of these bases appear alone, they are collectively crushed under the weight of the time passage between the filing of the complaint and the filing of the motion to compel arbitration. Three years is an exceeding amount of time to fail to alert a trial court of an issue so critically affecting the posture of litigation.[2] Accordingly, we find that the

---

[2] We note that Yesterday Delivery and Mr. Ryder, generally, have failed to offer justification for the substantial delay. We are compelled to comment, however, that we are unpersuaded by the parties' argument that their change of counsel and any difficulty associated

circuit court did not err in applying waiver and denying the motion to compel.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

with the transfer of the file crippled their approach. The parties were signatories to the agreement containing the arbitration clause. The clause was not unknown to them.